Judge Underwood,
delivered the opinion of the tjourt.
The defendants in-error brought an action of assumpsit against the plaintiff. The declaration contains three counts.
1st. A special assumpsit on the part of Williams to pay the balance due on an execution which the testator as an attorney at law, had the collection of, in consideration of the stay of the execution, and directing the officer to return it satisfied.
*289 'NI. Á general count for money paid, laid out and expended to the defendants use.
3d. For the loan of money. .-The general issue was pleaded, verdict and judgment in favor of the executors, for .$“241 77 cents.
We are of opinion, that the court erred in refusing to grant a new trial. It seems there were too executions against Williams, &c. subject to the controul of McKee. One for #1059, the other for $739 98 cents, exclusive of interest and costs. Williams claimed a credit for $200 paid Mantis on the 8th of November, 1824, and which money was paid over to 11. P. Letch-er, who had authority to receive it, as is proved. Upon-a careful calculation, it will be found if this credit is allowed, then the verdict of the jury was tor too much, by $119, and if this credit ought not to be allowed, then it follows, that Williams yet owes on the executions considerably more than the jury found against him, unle.s his receipt in full from Jane Head can protect him. We think it very clear, that Williams should be credited with the §200 paid to Yanlis, as above. There is no ground on which to refuse it, unless it can be inferred, that said $290 was included in, and constituted a part of the $300, for which McKee gave a receipt on the 9th of Uecember, 1821. This inference cannot be indulged, because it is shown, that the $200 passed'into the hands of Letcher, and there is no evidence, that McKee ever bad any tiling to do with it. The execution for $ 1059, was returned satisfied by McKee’s orders, but the execution for $739 98 cents, was held up and not settled until after McKee’s death, and seems to have been finally settled by the payment of $470 in October, 1827, to Jane Head. As the execution for $739 98 cents remained open, and as the business was not finally closed between McKee and Williams, if the former had confidence in the latter, he might well direct a stay of the execution and a return of it satisfied for the balance due. Put Fantis proves that Williams paid McKee money at the time he directed the execution to be returned satisfied, but how much,he could not tell, and-it may he, that the whole balance of the execution for $1050 was then paid. We should be of this opinion, but for the memorandum made out and given in evidence, showing the» *290 sums wbicli were paid by Williams to McKee, and which excludes the idea that McKee received from Williams any more money than was there put down. This, however, is a matter for the jury to weigh. We are of opinion that if the executors were entitled to recover at all, the verdict was for too much, and that a new trial should have been granted.
Ozcslry, for plaintiff; 'Mills and Brcmn, for defendants.
We are, moreover of opinion, that the evidence did not sustain the declaration. The special count was not established, and it does not appear that McKee ever-paid to his client the money which his representatives now claim from Williams. We, therefore, perceive no ground upon which it can be said that. McKee laid out and expended money to the use of Williams, or that he lent him any.
Judgment reversed, and cause remanded for a new trial to be conducted upon' principles not inconsistent with this opinion. New facts may vary the aspect of the case-.